[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the state of Ohio's sole assignment of error, upon our determination that the Hamilton County Municipal Court properly sustained defendant-appellee Robert Whitesell's motion to suppress the evidence seized incident to his arrest, on the ground that the arrest was not effected in accordance with theFourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution. The exclusionary rule mandated suppression of the evidence, when, at the time of Whitesell's arrest, "the facts and circumstances within [the arresting officer's] knowledge and of which [he] had reasonably trustworthy information" warranted a belief only that Whitesell had committed the minor-misdemeanor offense of failing to control his motor vehicle, see R.C. 4511.202; Beck v. Ohio (1964),379 U.S. 89, 91, 85 S.Ct. 223, 225, and when Whitesell's arrest did not fall under any of the exceptions to the statutory prohibition against a full custodial arrest for a minor misdemeanor. See R.C.2935.26; State v. Jones (2000), 88 Ohio St.3d 430, 727 N.E.2d 886, syllabus.
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.